Freeman, J.,
delivered the opinion of the court.
Complainant, an old man of seventy years, being infirm and unable to take care of himself and wife, the latter of whom -was afflicted with a cancer, made a conveyance of his land to defendant Marshall, in consideration that Marshall should take care of, support and maintain himself and wife during their lives. Marshall gave his bond, with the penalty of two thousand dollars, conditioned that “he would maintain Conner and wife during life, furnish them with comfortable and nourishing food and clothes,” in the language of the instrument, and on the performance of these stipulations, the bond to be void. Marshall, soon after this, moved on the land, went into the house of Conner, and commenced to perform his contract. In perhaps ten or fifteen months Conner and wife became dissatisfied at the treatment, as is alleged, ■and left. Soon after this, Conner filed this bill, alleging that the contract was obtained by taking advantage of his distressed condition, and that Marshall had failed to perform his contract, — had treated him and his wife cruelly, and compelled them by his treatment to leave the house.
The prayer of the bill is, that the deed be declared void, surrendered and cancelled, and the possession of the land be delivered to him, and account for rents and profits, and for an account of personal *708 property, charged to have been converted by Marshall to his own use, and for general relief.
A large mass of testimony was taken, of the most unsatisfactory character, the witnesses being mostly relations, and certainly presenting the largest mass of ignorance that it' has ever been our fortune to meet.
It is proper to state, however, that Marshall answers not on oath, but denies the charge of brutal treatment and fraud, and all the material allegations of the bill; admitting, however, that owing to the fretfulness of Mrs. Conner, who was his sister, that there had been some angry words between them, all of which had been passed over by the parties, as he says, probably both being to blame at the time. He then insists that he kept his contract while the parties stayed with him, and that he was still willing faithfully to perform its stipulations; that the parties were to live with him at his house, and it is so charged in the bill.
On the hearing, the Chancellor held that the proof did not authorize a rescission of the contract as prayed for, but that as Marshall had contracted to support them, though the proof did not authorize the specific relief sought, yet, as complainant refused to live with Marshall, and was entitled by the contract to a support for himself and wife — she having died, however, before the hearing — decreed that defendant should pay what is a reasonable sum as the value of the support and maintenance and proper clothing of Conner and wife up to the time of her death, and of complainant up to the next term of ■ the court, and that he *709 should pay a reasonable sum per year for maintenance, etc., during life, and declared a lien on the 'land for such payments. A reference was ordered to clerk, who ultimately reported the sum to be paid from 1867 to November, 1870, for maintenance, etc., as $712, and that it would be worth $12.50 per month to support the old man during his life, for which, no exception being made to the report, the Chancellor gave a decree, and ordered the land to be sold for its' payment, unless paid in ninety days; from which the defendant appealed.
The decree of the Chancellor is correct, so far as refusing to set aside the contract for fraud, or advantage taken of Conner in procuring it. The testimony clearly repels this, nor do we think the proof would sustain the idea of such treatment as justifies Conner in leaving the house of Marshall. It is equally clear, and in fact is so charged in the bill, that IVIarshall was to move into the house with Conner and wife, and they were to live together, and Conner be supported at his own house by Marshall. ■It. is also clear, from all the facts in the case, that Marshall would not have contracted to pay his board and that of his wife, in money, at other places, as the" land is probably not worth more than the sum decreed by the Chancellor. Under these circumstances, we do not think the proof in the case warrants the Chancellor’s decree for payment of money for support of the party — that is, his board. As to clothing, ■that would have been a money charge, whether at Marshall’s or anywhere else, by the terms of the con *710 tract. Marshall was to board him and find him at his own house. Conner has, without sufficient cause, left his house and gone to a neighbor’s. Marshall offers in his answer to perform his contract, but, as. the decree says, Conner refuses to live at Marshall’s house. Under these circumstances, it would be to make a contract, not execute one, to require Marshall to pay his board at another place. • The contract in this case is not like the one in the case of Keeler v. Baker, 1 Heis., 643—to maintain the party during his, life, should he choose to remain at his house, free of charge. There was no option in this case, and the party could only ask pay for maintenance at another place on Marshall’s refusing to keep him at his house, or being guilty of such treatment as would justify him in leaving. He offers in his answer to perform this contract, and if complainant refuses to let him do so, he must bear the consequences. He will be entitled, however, to return to his house, and to proper treatment, and food and clothing, and while Marshall gives him this, he is entitled only to the terms of his bond, not something different not contracted for.
The decree of the Chancellor will be reversed and a decree entered here in accordance with. this opinion. The case will be remanded to the Chancery Court for an account of value of clothing for Conner, suitable-to his condition in life, from the time he left Marshall’s, and when this is ascertained, a decree will be-entered for this against Marshall; and also, if Conner shall refuse to return to Marshall’s, the master- *711 may ascertain what it will be proper to allow him for clothing per annum, and such sums so ascertained for clothing will be a charge on the land. The case can be retained in court for enforcement of such payments in the future, and for enforcement of Conner’s right to proper treatment in future at Conner’s house, under the direction of the Chancellor, upon application duly made in the cause from time to time. Defendant and plaintiff will pay the costs of this court equally, the cost below will be adjudged by the Chancellor.